UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BILLY WAYNE MORSEMAN     PLAINTIFF

v.     CIVIL ACTION NO. 4:21-CV-P108-JHM

HOPKINS COUNTY JAIL STAFF *et al.*     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

    This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow him to file an amended complaint.

**I.**

    Plaintiff is incarcerated as a pretrial detainee the Hopkins County Jail (HCJ). He brings suit against HCJ "staff members"; the HCJ "medical department"; "Pennyrile Mental Health Services" (Pennyrile), which Plaintiff indicates provides mental health care to HCJ inmates; and HCJ Deputy Cunningham in both his official and individual capacities.

    Plaintiff first alleges that he asked to be placed "back on my psychiatric medications" when he seen by Pennyrile at HCJ. He states that even though Pennyrile had documents which showed what medications "they" had prescribed Plaintiff in the past, they denied him "any/all treatment."

    Plaintiff next alleges that HCJ staff have repeatedly used excessive force against him by placing him in mechanical restraints for hours. He states that on one occasion he told multiple staff members that he needed "to urinate and pass a bowel movement to which I was advised to 'just use it on myself.'"

Finally, Plaintiff alleges that on multiple occasions he advised "many different correctional officers" that he needed toilet paper so that he could use the bathroom in his cell. He states that he was not provided toilet paper and that he had to use the bathroom without any. He alleges that he was then left in his cell for several days "without the option of taking a shower to wash off the fecal matter."

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard

of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Hopkins County

Because neither "HCJ staff members" nor the "HCJ medical department" are subject to suit under § 1983, the Court construes Plaintiff's claims against these Defendants as against Hopkins County. *See, e.g., Warner v. Greene Cty. Jail Staff*, No. 3:19-cv-00095, 2019 U.S. Dist. LEXIS 73479, at *2-3, (S.D. Ohio May 1, 2019) (holding that county jail staff and medical department staff are arms of the county and not a "person" subject to suit under § 1983); *Payne v. Hamilton Cty. Jail Sheriff's Staff*, No. 1:16-CV-426-JRG-SKL, 2016 U.S. Dist. LEXIS 153867, at *4 (E.D. Tenn. Nov. 7, 2016) (holding that a county jail sheriff's staff and medical staff are subdivisions of the sheriff's department and therefore are not legal entities subject to suit under § 1983).

When a § 1983 claim is made against a municipality such as Hopkins County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

*of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Hopkins County. Thus, because the complaint fails to establish a basis of liability against Hopkins County, the claims against it must be dismissed for failure to state a claim upon which relief may be granted.

### B. Pennyrile Mental Health Services

For purposes of this initial review, the Court presumes that Defendant Pennyrile is an entity contracted by Hopkins County to provide mental health services to its inmates. The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to entities contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s

municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.,* 102 F. 3d. 810, 814 (6th Cir. 1996)).

Here, Plaintiff does not allege that any harm or injury he suffered was the result of a custom or policy implemented or endorsed by Defendant Pennyrile. Thus, Plaintiff's claims against this Defendant must also be dismissed for failure to state a claim upon which relief may be granted.

### C. Deputy Cunningham

The Court next turns to Defendant Cunningham whom Plaintiff sues in both his official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Cunningham is actually against Hopkins County and must be dismissed for the same reasons the Court dismissed Plaintiff's claims against Hopkins County above.

Plaintiff's individual-capacity claim against Defendant Cunningham is also subject to dismissal because Plaintiff makes no allegations against him in the complaint. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v.*

*Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

### D. Amended Complaint

Prior to dismissing this action for the above-stated reasons, the Court will allow Plaintiff the opportunity to amend the complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). In the amended complaint, <u>Plaintiff shall name as Defendants the individuals who allegedly violated his rights by participating in the events set forth in the complaint, describe the actions allegedly taken by *each* Defendant, and sue each Defendant in his/her *individual capacity*</u>. The Court will conduct an initial review of the amended complaint.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Order, Plaintiff may file an amended complaint. If Plaintiff fails to timely file an amended complaint, the Court will enter an Order dismissing this action for the reasons stated herein.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and this case number written in the caption.

Date: January 25, 2022

*[Signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Hopkins County Attorney
4414.011